# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RONALD KENNY CALAWAY, | ) | Case No. 05-52138 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JERE L. LOYD, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 06-5015 |
| | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| ROBERT T. BROWN, individually and as Trustee of the Harvey R. Sexauer Residuary Trust, and Evelyn Sexauer, | ) | |
| | ) | |
| Defendant-Intervenors, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES A BARROWS TRUST, through AST Trust Company, Trustee of the Charles A. Barrows Trust, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

## MEMORANDUM ORDER

This adversary proceeding presents the Court with the unusual opportunity to simultaneously grant summary judgment to two ostensibly opposing intervenor-defendants. The chapter 7 trustee, Jere Loyd ("Trustee"), initiated this action against Citizens Bank & Trust Company ("Citizens Bank") to obtain the turnover of funds on deposit at Citizens Bank in a bank account belonging to the Debtor. The account is denoted as the "New Dawn Farm Management Co., Ron Calaway – Client Account" ("Client Account"), and, as the name suggests (and the uncontroverted evidence offered by the summary judgment movants confirms), the Debtor, Ronald Calaway, used the Client Account to receive various federal, farm-related payments on behalf of certain clients – notably,

Robert Brown, individually and as Trustee of the Harvey R. Sexauer Residuary Trust; Evelyn Sexauer; and the Charles A. Barrows Trust ("Barrows Trust") – for whom the Debtor managed farmland.[1] The Sexauer Defendants and the Barrows Trust intervened in this lawsuit, each claiming an interest in the funds in the Client Account.

As of the date of the Debtor's bankruptcy petition, the Client Account had $26,893.37. The Barrows Trust claims that it is entitled to $2,855.75 of those funds, and the Sexauer Defendants claim that they are entitled to $23,745.[2] Because (1) the combined claims against the Client Account – $26,609.75 – are less than the balance in the Client Account as of the petition date, (2) the Trustee has not objected to either intervenor-defendant's claims, and, most importantly, (3) there are no issues of material fact,[3] the Court will grant summary judgment in favor of the Barrows Trust <u>and</u> the Sexauer Defendants.

It is well established that funds subject to a constructive trust do not become property of a bankruptcy estate, and both intervenor-defendants have a legitimate basis to impose a constructive trust on the funds in the Client Account – the Barrows Trust had a written agreement with the Debtor under which he acted as the Barrows Trust's agent to manage its farmland and to collect payments from various U.S.D.A. programs in which the Barrows Trust participated, and the uncontroverted evidence establishes that the Sexauer Defendants had an oral agreement with the Debtor for substantially similar services.[4] The Barrows Trust and Sexauer Defendants have both provided ample evidence that the funds in the Client Account are directly traceable to the payments made by

---

[1] Robert Brown, individually and as Trustee of the Harvey R. Sexauer Residuary Trust, and Evelyn Sexauer intervened collectively and will be referred to as the "Sexauer Defendants."

[2] The Barrows Trust also seeks turnover of $1,490 that was deposited in the Client Account postpetition. The Barrows Trust is entitled to those funds for the reasons stated herein and because those funds never became property of the bankruptcy estate, inasmuch as they were deposited post-petition and did not flow in any manner from property of the estate. 11 U.S.C. § 541.

[3] Summary judgment is appropriate when the matters presented to the Court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L .Ed. 2d 265 (1986).

[4] The Barrows Trust argues that the Sexauer Defendants' motion for summary judgment should be denied because their claims are based on an alleged oral agreement. However, an oral agreement can support the imposition of a constructive trust (*see Osborne v Osborne*, 978 S.W.2d 786, 791 (Mo. 1998)), and the Barrows Trust has not offered any evidence whatsoever challenging the existence of that agreement. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (mere assertion of disputed fact insufficient to create material issue of fact). The Barrows Trust's objection to the Sexauer Defendants' motion will therefore be overruled.

the U.S.D.A. to the Client Account on their behalf.

The only "tricky" aspect in granting the relief requested by the Barrows Trust and Sexauer Defendants is that the total funds available for disbursement from the Client Account are actually insufficient to cover the parties' claims when Citizen Bank's and the Trustee's expenses and attorneys' fees are deducted. To resolve this dilemma, the Court will deduct those fees and expenses from the funds to be disbursed to the Barrows Trust and Sexauer Defendants in proportion to their claims.[5]

Therefore, for the reasons stated herein it is

**ORDERED** that the Sexauer Defendants' motion for summary judgment is GRANTED. It is

**FURTHER ORDERED** that the Barrows Trust motion for summary judgment is GRANTED. It is

**FURTHER ORDERED** that the Trustee is awarded $750 for the costs, expenses, and attorney's fees incurred in bringing this action. It is

**FURTHER ORDERED** that the $27,441.37 currently in the Court registry shall be disbursed as follows:[6]

| Amount | Recipient |
|---|---|
| $517.42 | Citizens Bank, for the remainder of its expenses and attorneys' fees |
| $750.00 | Jere Loyd, chapter 7 trustee, for his costs, expenses, and fees |
| $22,247.86 | Sexauer Defendants, pursuant to their claim |
| $3,926.09 | Barrows Trust, pursuant to its claim |

---

[5] The Court calculated the parties' pro-rata share by subtracting the Trustee's and Citizens Bank's expenses and attorneys' fees ($750 and $2,517.42, respectively) from the total funds interpled into the Court registry ($29,441.37). This left $26,173.95 to be distributed to the Barrows Trust and the Sexauer Defendants. The Barrows Trust's claim is $4,345.75 and the Sexauer Defendants' claim is $23,754, for a total of $28,099.75. The Barrows Trust's claim represents approximately 15% of the total (4,345.75 / 28,099.76 = .15), and the Sexauer Defendants' claim represents approximately 85% of the total (23,754 / 28,099.76 = .85). Applying these percentages to the funds available for distribution yields the figures noted above.

[6] The balance in the Court Registry is higher than the balance in the Client Account on the petition date due to several postpetition deposits, including the $1,490 deposited on behalf of the Barrows Trust.

    **SO ORDERED** this 15th day of November, 2006.

                                               /s/ Jerry W. Venters
                                               HONORABLE JERRY W. VENTERS
                                               UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was sent
electronically or conventionally to:
Jere L. Loyd
Todd H. Bartels
Jerald S. Enslein